MONROE, J.
Defendant, being on trial for bigamy, contended that, having contracted the alleged bigamous marriage within 10 months after the other contracting party had been divorced from her former husband (he being still living), the marriage was null as in contravention of Civ. Code, art. 137, and he excepted to the following charge, to wit:
“Our law, gentlemen of the jury, declares that a wife shall not be at liberty to contract another marriage until 10 months after the dissolution of her former marriage, and anything done in contravention of this prohibitory law is a nullity. I charge that if you believe, from the evidence, that Alice Maxey, the woman named in the indictment as being the first wife of the accused, was married to Philip Martín, and was not divorced from him (he being still alive) more than 10 months prior to the alleged marriage with the accused, you will find the accused not guilty; but I further charge you, gentlemen of the jury, that if you find from the evidence, that the accused went through a form of marriage with her on the 19th day of March, 1903, and they continued to live together as man and wife after the above-named period of 10 months had elapsed, and that he married this woman Lucy Elbert, or Lucy -, on or about the 15th day of November, 1905, then you will find the accused guilty of the crime charged in the indictment.”
The article of the Code relied on by the defendant reads:
“The wife shall not be at liberty to contract another marriage until ten months after the dissolution of the previous marriage.”»
*403 In Succession of Benton, 106 La. 503, 31 South. 126, 59 L. R. A. 135, this court said:
“We are, nevertheless, of the opinion that said article is not framed in such terms of prohibition, especially when considered in connection with articles 115 and 960 of the Code, as to justify the conclusion that a marriage entered into in contravention of its provisions is stricken with nullity.”
, We adhere to the view thus expressed, which is not without support. Peyroux’s Revised Civ. Code, note to article 137 (citing 1 Toullier, p. 420, viiId. pp. 572, 868; Amos’ Science of Law, p. 125); 2 McClain, Cr. Law, 1074. The charge complained of was more favorable than the accused had a right to expect.
Judgment affirmed.